UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


MICHAEL MOZYNSKI,              )
                               )
            Plaintiff,         )   CIVIL ACTION NO.
                               )   11-11177-DPW
v.                             )
                               )
CITIMORTGAGE, INC. and         )
FEDERAL HOME LOAN MORTGAGE     )
CORPORATION,                   )
                               )
            Defendants.        )


                        MEMORANDUM AND ORDER
                           March 29, 2013

    This case was terminated on January 27, 2012. Thereafter, as the result of the death of a family member in May 2012 and the partial distribution of the estate in December 2012, I came to have a "financial interest," within the meaning of 28 U.S.C. § 455(b)(4), because of ownership as a trustee in shares of a corporate affiliate of the defendant.

    Meanwhile, new counsel for the plaintiff filed a motion (#21) to vacate the judgment terminating the case. Because the conflicts software used by the courts apparently does not identify conflicts in terminated cases even when post termination motions are filed, it did not come to my attention until last week while considering the motion to vacate that a conflict had arisen to my continuing to address issues in the case. Consequently, in the absence of divestiture pursuant to 28 U.S.C. § 455(f), my recusal would be required in connection with the

motion to terminate and any further action in a case I had handled from the earlier recusal of Judge Gorton until its conclusion with judgment for the defendants.

Having devoted substantial judicial time to this case, I determined pursuant to § 455(f) to divest the trust of the financial interest implicated in this case and that will be done with the execution of a sales order at the opening of the markets on April 1, 2013, the first business day in which it could be accomplished following my divestiture decision because the markets are closed today, Good Friday.  Given that my decision on the motion to vacate cannot reasonably be seen to have any influence upon the valuation of the shares in the corporate affiliate from which I have made the irrevocable decision to divest, I turn to consider the motion to vacate, which I will allow.

It has been my long standing practice to make every effort to resolve cases before me on their merits.  It appears from the papers before me here that the plaintiff was the victim of inattentiveness from his prior counsel and that his failure to oppose the earlier motion for summary judgment and to appear at the hearing on that motion was the result of counsel's inattentiveness.  The plaintiff's new counsel make a plausible argument that he has a meritorious basis to oppose summary judgment against him. If the factual premises on which they rely

are borne out, developing case law in Massachusetts may be supportive of plaintiff's position.  *See generally Eaton* v. *FNMA*, 969 NE2d 1118 (2012).

Accordingly, I GRANT the plaintiff's motion to vacate and direct the clerk to reopen this case and further direct the defendants, who are now - as a result of the motion to vacate submissions - with knowledge of the nature of the plaintiff's legal position, to submit a motion for summary judgment on or before April 19, 2013.  The plaintiff shall respond with an opposition and/or cross motion for summary judgment on or before May 10, 2013 and, if indicated, a motion hearing will be set down following review of the submissions.

Meanwhile the Clerk is further directed to forward this Memorandum together with copies of the papers docketed as Numbers 21 through 26 to the Board of Bar Overseers for such action as the Board may determine appropriate with respect to the conduct of plaintiff's counsel Rebecca A. Lawlor and her colleagues at Advocates for Hope, LLC. in this matter.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE